FILED
LODGED
RECEIVED            MAIL

UNITED STATES DISTRICT COURT         MAR 16 2018

WESTERN DISTRICT OF WASHINGTON
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

Darion A. Lipsey          18-CV-00403 MJP-BAT
(Name of Plaintiff)

vs.

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

King County, et al.,

_____

_____

(Names of Defendant(s))

I. Previous Lawsuits:

   A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

   ☐ Yes    ☑ No

   B. If your answer to A is yes, how many?:_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiff:_____

      Defendants:_____

   2. Court (give name of District):_____

   3. Docket Number: _____

2

4. Name of judge to whom case was assigned: _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):
_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

## II. Place of Present Confinement: _____

A. Is there a prisoner grievance procedure available at this institution?   ☑ Yes   ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint?
☑ Yes   ☐ No

If your answer is NO, explain why not:
_____
_____

C. Is the grievance process completed?   ☑ Yes   ☐ No

If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.

## III. Parties to this Complaint

A. Name of Plaintiff: **Darion A. Lipsey**   Inmate No.: **216034395**

Address: **K.C.C.F, 500 5th AVE, Seattle, WA 98104**

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: **King County et al.,**   Official Position: **Employer**

Place of employment: _____

C. Additional defendants **Inmate John Doe #1, Inmate John Doe #2, Officer Dale LoCoursiere, Sgt. Peter F. Boehme, Captain Michael Troy Taylor, Major Todd Steven Clark, Vincent E. Johnson (Corr. Prg. Spec.), Thanh Chi Khuu (Corr. Prg. Spec), Kenneth E. Morano (Corr. Prg. Spec.),**

3

Theron D. McCain Jr. (Corr. Prg. Spec.), Candace D. Buchram (Corr. Prg. Spec.)

### IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places, and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

1. On about Feburary 20, 2017, while house on 8 North Lower C, I was the victim of assualt by two inmates at the same time because of my charges.

2. Defendant officer Dale LaCoursiere witnessed the attack on me by the two John Doe Defendant(s). One John Doe Defendant choked me from behind with the other punching me from the front. At no time did I participate in this incident, yet Defendant LaCoursiere infracted me though a victim of assualt. His actions directly demonstrated an indifference by his failure to respond reasonably. Defendant LaCoursiere violated my Due Process, Equal Protection, and state law claims of negligence, gross negligence and intentional infliction of emotional distress.

3. Both John Doe Inmate Defendant(s) showed no concern for my health and safety directly demostrating an indifference, and hostile attitude during the attack. Both Defendant(s) violated state law claims of assualt and battery and intentional infliction of emotional distress.

4. Defendant Sgt. Peter F. Boehme also witness the assualt [see Supervisors incident report 2/20/17]. Knew I should have not been infracted yet still sign off on it. His report explains me as a victim of assualt, but this Defendant failed to act and instead treated me like a suspect in the incident. Defendant Boehme was notified of the substantial risk of serious harm to me, when one of the attackers explained his reason for the attack. This Defendant went as far as mention my criminal charges in his report, but actually violated my Due Process, Equal Protection, and state law claim of negligence, gross negligence, intentional infliction of emotional distress and deliberate indifference.

5. Defendant(s) Captain Michael Troy Taylor and Major Todd Steven Clark were notified of the substantial risk of serious harm through the review and signature of the of reports via "Chain of Command". Neither defendant(s) corrected

### V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

4

I pray the court will appoint me an attorney because I was fortunate to receive help filing this complaint, but I'm now on my own due to the depature of "The Help". I pray that this court will grant me relief in the form of a settlement for compensatory damages. Due to the injuries I have suffered from mentally and physically, I am seeking $2,000,000. or I would like a mediation to resolve this matter with a possible settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __13__ day of __March__ 20__18__.

__Darinn Lipsey__
(Signature of Plaintiff)

5

C. Additional defendants

Gregg S. Curtis (Corr. Prg. Spec.), Shawn James Alexander (Corr. Prg. Spec.), Steven C. Barber (Corr. Prg. Spec.), Kristina I. Hagman (Corr. Prg. Spec.), Jesse E. Rollolazo (Corr. Prg. Spec.), Richard A. Trajano (Corr. Prg. Spec.), Jason G. Wanner (Corr. Prg. Spec.), Rodney O. Prioleau (Corr. Prg. Spec.), Ronny L. Kitner (Corr. Prg. Sup.), and Wayde P. Silva (Corr. Prg. Sup.), Inmate John Doe #3, Inmate John Doe #4, Officer Albert T. Newman, Acting Sgt. B. Teeter, Captain Troy Adam Bacon, Facility Commander Gordon G. Karlsson, William G. Hayes (Asst. County Executive, Ops I), Steven J. Larsen (Div Director II, Admin Svcs), Sgt. P. Boehme, Captain Douglas W. Justus Jr., Hikari Tamura (Deputy Director/Cheif Admin Officer), Sgt. Jens Jellen, Roger Higgs M.D. JHS, Christopher Salatka R.N. JHS, Bette Pine (Division Director), Benjamin L. Sanders M.D., Debra Beckman A.R.N.P., Provider(s) Laura Slee, Laura Macgregor, Sean Dumas PHSS, JHS, Investigator Sandra Courtway

IV. Statement of Claim

continue 5. the report further allowing the infraction to go through, and for me to be punished up until I won the infraction. [Attacked by two more inmate Defendant(s) in the second incident I never received an infraction. See 4/22/17 exhibits]. These Defendant(s) are in violation of my Due Process, Equal Protection, State law claim of negligence, gross negligence, intentional infliction of emotional distress and deliberate indifference.

6. Defendant(s) Vincent E. Johnson, Thanh Chi Khuu, Kenneth E. Morano, Theron D. McCain Jr, Candace D. Budhram, Gregg S. Curtis, Shawn James Alexander, Steve C. Barber, Kristina I. Hagman, Jesse E. Rollolazo, Richard A. Trajano, Jason G. Wanner, Rodney O. Prioleau, (All Corr. Prg. Spec.) Both Ronny L. Kitner and Wayde P. Silva (Both Corr. Prg. Supervisors) All acted with deliberate indifference, all had advance notice of the dangers I faced, yet failed to act or respond reasonably.

7. On or about April 22, 2017, while housed on 10 East Lower A, I was the victim of assualt by another two inmate defendant(s). This attack was also because of my criminal charges and all (4) inmate defendant(s) were associated. Both John Doe inmate defendant(s) gain access into my unit and attacked me.

8. Defendant Officer Albert T. Newman improperly permitted attackers into my unit, and then closed the unit door encouraging the assault. Defendant Newman's conduct placed me in peril in deliberate indifference to my safety. This Defendant along with Defendant Acting Sgt. Teeter put in their reports that

IV. Statement of Claim

continued 8. Inmates were being pulled out of 10 East Lower B, For the Health clinic, but no incident report was provided from the health clinic officer allegedly suppose to pick inmates up.

9. Defendant(s) Newman, Teeter, Major Clark (via: Chain of Command) and captain Bacon (via: Chain of Command) devised a cover up supporting allegations of inmates being brought out for Health Clinic, yet inmates are transported by officers to clinic and those facts aren't supported.

10. As to the claim in paragraph 7, Both John Doe inmate defendant(s) directly demonstrated an indifference and hostile attitude during the attack. Both violated state law claims of assault and battery, intentional infliction of emotional distress, and pain an suffering.

11. Defendant(s) Gordon G. Karlsson (Facility Commander), William G. Hayes (Asst County Executive Ops 1), Steven J. Larsen (Div Director 11, Admin Svcs) Sgt. P. Boehme, Captain Douglas W. Justus Jr, Hikari Tamura (Deputy Director/Cheif Admin officer) Sgt. Jens Jellen, Act. Sgt. B. Teeter, All defendant(s) as to claim in paragraphs 6, and 9 were all aware of the substantial risk of serious harm and fail to take reasonable measures to abate it. All defendants are in violation for failing to act and Deliberate indifference Defendant(s) were responsible for such customs, policies, practices and procedures giving rise to such Deliberate indifference.

IV. Statement of Claim

12. Jail officials were notified of the substantial risk of serious harm when former inmate Royale Thornton # 215OO832 was assaulted in this jail when inmate(s) from another unit gained access into his tank and attacked him. The Defendant(s) could not plausibly persist in claim lack of awareness because the assualt on inmate Thornton happened before this April 22, 2017 incident. These defendant(s) ignored the problem, and failed to train. Had they have taken corrective action, no inmate would have been allowed in an unauthorized area. Jail officials were made aware by other similar incidents and internal investigations.

13. Defendant(s) in paragraph 6, have knowledge of inmates background and affiliations with gangs but classification has been Deliberate Indifferent and runs a system that put inmates like myself in danger. This facility is not safe, from inmate assualts to (PREA) incidents, and these officers aren't trained to protect others. Defendant Thanh Chi Khuu was aware of the dangers I faced yet he still allowed me to return to an unsafe area.

14. Defendant King County is liable, and violations of customs, policies, practices and procedures was the moving force behind this attack. Defendant King County is also liable as an employer as other Defendant(s) were working under the scope of their duties. [see. Monell v. New York City Dept. of Soc. Serv. 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978)]

IV. Statement of Claim

15. Defendant(s) Roger Higgs M.D. JHS, Christopher Salatka R.N. JHS, Bette Pine, Division Director, Benjamin L. Sanders M.D. knew of the substantial risk or serious harm, never notified DAJD of the risk having me on the top tier, failed to carry out treatment properly, never afforded me physical therapy until nearly a year later, Intentionally interfered with my treatment and recovery. At times delayed treatment; poor pain management leaving me to suffer in pain, all in violation of my Eight Amendment and state law claims of negligence, gross negligence, intentional infliction of emotional distress an deliberate indifference. Medical waited almost a year to provide me with a back brace.

16. Defendant(s) Debra Beckman A.R.N.P, Providers Laura Slee, Laura Macgregor all of the other Defendant(s) in paragraph 15 have ignored numerous pleas for help regarding pain and for months nothing was done. I was diagnosed with a broken bone in my lower back by HMC (Harborview Medical Center). Defendant Laura Slee waited almost a year to order another X-ray on my back, and now almost a year after the assualt, X-rays show I have arthritis in the area of my original injury. Medical has been showing deliberate indifference to my serious medical needs. [See Medical Grievances]

IV. Statement of Claim

17. Defendant Sean Dumas, PHSS JHS, continues to show deliberate indifference to my medical needs. A lower tier pass was suppose to be ordered and medical has done nothing, causing me to suffer in pain having to endure walking up and down stairs with my injuries.

18. All Defendant(s) from paragraph 15, 16, and 17 are in violation of state law claim of negligence, gross negligence, intentional infliction of emotional distress, deliberate indifference and Equal Protection. Delay of treatment and intentionally interfering with medical treatment.

19. All Defendant(s) from paragraph 6 (Classification staff and supervisers) are responsible for the poor classification system that poses a substantial risk of serious harm to my and others health and safety. These defendant(s) have violated my right to humane conditions. Conditions under the Due Process Clause. "Serious Harm" is a deprivation (denial) of a basic human need, and protection from assualt is one basic human need that I have been deprived of. Classification staff were deliberate indifferent for housing inmate John Doe #1 and #2 on the same wing I was housed at before I was attacked by John Doe inmate defendant(s) #3 and #4. Jail officials were well aware that inmate communication between tanks is an issue, yet the still placed me in a "Chaotic and Violent" situation. Defendant Thanh Chi Khuu violated my civil rights by authorizing transfer to general population despite officials knowledge of the

IV. Statement of Claim

continue 19. substantial risk of serious harm. These defendant(s) fail to control or seperate dangerous prisoners, an act resulting in a level of violence so high that exposure to it constitutes cruel and unusual punishment. Futhermore, Defendant Khuu and all other defendant(s) from paragraph 6 failed to respond reasonably and interfered with treatment and recovery for housing me on a top tier 11 monthes. Climbing up and down stairs wasn't apart of my treatment and recovery.

20. Defendant(s) in paragraph 6 and 11 along with Defendant(s) Major Clark, Captain Bacon and King County provided unconstitutional conditions of confinement, failed to train, failed to protect, Vicarious liability, failed to respond reasonably and continued to place me in a substantial risk of serious harm when they placed me in an elevator with either inmate John Doe #3 or #4 on Feburary 16, 2015 while going from court. This is a clear showing of failure to protect. I was diagnosed with broken bones in my back, and this defendant(s) exposed me to futher harm, intentionally causing mental and emotional distress.

21. Defendant Sondra Courtway was negligent in her investigation and informed my family that this assualt would have happened anyways. She was clearly bias and didn't help resolve my complaint. Instead of investigating claims this defendant is working to damage claims and have me come short of my statute of limitations. She showed no concern for my health and safety, and gave no good faith effort in investigation.

Name Derrby A. Lipsey
BKG # 216034345
King County Correctional Facility
620 West James Street
Kent, WA 98032

Clerk, U.S. District Court
100 Stewart Street, Suite 2310
Seattle, WA 98101-1271