1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARION A. LIPSEY,

                                    Plaintiff,

            v.

KING COUNTY, ET. AL.,

                                    Defendant.

CASE NO. C18-403-MJP-BAT

**REPORT AND
RECOMMENDATION**

On March 16, 2018, plaintiff Darion A. Lipsey, a pre-trial King County Jail detainee filed a 28 U.S.C. § 1983 civil rights complaint naming King County and numerous other defendants. Dkt. 1, 1-1. On April 16, 2018, the Court issued an order declining to serve the complaint because it failed to state a claim upon which relief may be granted, and was subject to dismissal. Dkt. 4. Because plaintiff was unrepresented, the Court granted him leave to file an amended complaint no later than May 11, 2018. *Id.* On May 4, 2018, plaintiff moved for an extension of time to file an amended complaint. Dkt. 9. The Court granted the motion, in part, and directed plaintiff to file the amended complaint no later than June 11, 2018. Dkt. 10. Plaintiff was advised that if he failed to file an amended complaint curing the deficiencies the Court early noted, that the Court would recommend the matter be dismissed for failure to state a claim upon which relief

REPORT AND RECOMMENDATION - 1

can be granted. *Id.* On June 11, 2018, plaintiff filed an amended complaint. Dkt. 12. For the

reasons below, the Court recommends this action be dismissed with prejudice.

### THE ORGINAL COMPLAINT

An amended complaint normally supersedes the original complaint rendering the original

"non-existent." *Curtis v. Harrington*, No. 15-553, 2018 WL 1500936 at *2 (E.D. CA March 27,

2018) citing *Loux v. Rhay*, 375 F2d 55, 57 (9th Cir. 1967). However, because plaintiff proceeds

pro se, and because the Court recommends the case be dismissed, the Court considers, in an

abundance of caution, the allegations contained in both the original and amended complaints.

The original complaint alleges that on February 20, 2017, while housed in 8 North

Lower C at King County Jail, plaintiff was assaulted by two inmates (defendants named as

"inmates #1 and 2) "because of his charges." Dkt. 1-1, at 3. Plaintiff also alleges that on or about

April 22, 2017, while housed on 10 East Lower A, he was assaulted by two other inmates

(defendants named as "inmates #3 and 4") because of his charges. *Id.*, at 6. Plaintiff alleges that

all four inmates who perpetrated the two assaults were "associated." *Id.*

Plaintiff brings this action naming as defendants four unidentified inmates, King County,

and numerous members of the King County Jail staff including officers, medical personnel,

correctional program specialists, supervisors and an investigator. Plaintiff  alleges: the inmate

defendants actions violated state laws against assault and battery and intentional infliction of

emotional distress; various King County Jail staff acted with deliberate indifference in failing to

protect him from assault by the four inmate defendants; King County and King County Jail

corrections programming staff created and implemented a classification system or policy that

caused the assaults against him and his resulting injuries; King County Jail medical staff were

deliberately indifferent to his serious medical needs in failing to properly treat his injuries; King

1   County Jail officers who witnessed the first assault wrongfully infracted him even though he was

2   the victim; and the investigator assigned to investigate his assault was negligent in doing so. Dkt.

3   1-1.  The details of the claims in the original complaint against the specific defendants are set

4   forth below. As relief, plaintiff seeks $2,000000 in damages for physical and mental injuries.

5   However, for the reasons below, the original complaint fails to state sufficient facts to state

6   claims upon which relief may be granted.

**DISCUSSION OF ORIGINAL COMPLAINT**

8         Federal Courts are required to screen complaints brought by prisoners seeking relief

9   against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

10  1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the

11  complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

12  or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28

13  U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

14        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

15  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

16  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

17  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

18  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

19  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

20  named defendants caused, or personally participated in causing, the harm alleged in the

21  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

22   //

23   //

REPORT AND RECOMMENDATION - 3

1

**A.      Personal Participation and Deliberate Indifference**

2

3        A defendant cannot be held liable under § 1983 solely on the basis of the individual's

4   supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New*

5   *York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own

6   conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90

7   (1989).  To state a claim against any individual defendant, plaintiff must allege facts showing that

8   the individual defendant participated in or directed the alleged violation, or knew of the violation

9   and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998),

10  *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009)

    (vicarious liability is inapplicable to a § 1983 suit).

11        A local government unit or municipality can be sued as a "person" under § 1983. *Monell*,

12  436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it

13  employs a tortfeasor.  *Id*. A plaintiff seeking to impose liability on a municipality under § 1983

14  must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County*

15  *Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

16        In *Bryan County Commissioners*, the Supreme Court explained that

17          it is not enough for a § 1983 plaintiff merely to identify conduct properly
            attributable to the municipality. The plaintiff must also demonstrate that, through
18          its deliberate conduct, the municipality was the "moving force" behind the injury
            alleged. That is, a plaintiff must show that the municipal action was taken with the
19          requisite degree of culpability and must demonstrate a direct causal link between
            the municipal action and the deprivation of federal rights.

20

21  *Bryan County Commissioners*, 520 U.S. at 404. Sweeping conclusory allegations are insufficient

    to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

22

23          *1.      King County; Correctional Program Specialists: Vincent E. Johnson, Thanh
                    Chi Khuu, Kenneth E. Morano, Theron D. McCain, Jr., Candace D. Budhram,
                    Gregg S. Curtis, Shawn James Alexander, Steven C. Barber, Kristina I.*

REPORT AND RECOMMENDATION - 4

1
2

*Hagman, Jesse E. Rollolazo, Richard A. Trajano, Jason G. Wanner, Rodney O. Prioleau; Correctional Program Supervisors: Ronny L. Kitner, Wayde P. Silva*

3

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other

4

prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-*

5

*Nettleship*, 842 F.2d 556, 558 (1st Cir.1988)). In the context of (post-conviction) prisoners that

6

duty derives from the Eighth Amendment's Cruel and Unusual Punishment Clause while in the

7

context of pretrial detainees, the duty is made obligatory by the Due Process Clause of the

8

Fourteenth Amendment. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016);

9

*see Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a

10

detainee may not be punished prior to conviction.). The due process rights of pretrial detainees to

11

be free from punishment are at least as protective as those provided to convicted individuals

12

under the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

13

Under both clauses, the plaintiff must show that the prison officials acted with "deliberate

14

indifference." *Castro*, 833 F.3d at 1068.

15

The standard under the Eighth Amendment to prove deliberate indifference for individual

16

defendants, aside from claims of inadequate medical care, is well established. A prison official

17

cannot be found liable under the Cruel and Unusual Punishment Clause for denying an inmate

18

humane conditions of confinement "unless the official knows of and disregards an excessive risk

19

to inmate health or safety; the official must both be aware of facts from which the inference

20

could be drawn that a substantial risk of serious harm exists, and he must also draw the

21

inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. "In other words, the official must

22

demonstrate a *subjective awareness* of the risk of harm." *Conn v. City of Reno*, 591 F.3d 1081,

23

1096 (9th Cir. 2010), *cert. granted and judgment vacated*, 563 U.S. 915, 131 S.Ct. 1812, 179

L.Ed.2d 769 (2011), *opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011).

REPORT AND RECOMMENDATION - 5

1      The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim

2   against an individual officer are: (1) the defendant made an intentional decision with respect to

3   the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at

4   substantial risk of suffering serious harm; (3) the defendant did not take reasonable available

5   measures to abate that risk, even though a reasonable officer in the circumstances would have

6   appreciated the high degree of risk involved – making the consequences of the defendant's

7   conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's

8   injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). With respect to

9   the third element, the defendant's conduct must be objectively unreasonable, a test that will

10  necessarily "turn[ ] on the 'facts and circumstances of each particular case.' " *Id.* (quoting

11  *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

12     Plaintiff names King County and the above correctional program specialists and

13  supervisors as defendants in this action but fails to explain how they personally participated in

14  any alleged constitutional or federal statutory violations. Plaintiff alleges these defendants "acted

15  with deliberate indifference" in that they had advanced notice of the dangers to him and failed to

16  act or respond reasonably. He further alleges these defendants had knowledge of the background

17  and gang affiliations of the inmates who assaulted him but "run a classification system that puts

18  inmates like [him] in danger." Dkt. 1-1, at 6-8.

19     However, plaintiff fails to allege specifically which defendants were aware of the inmates

20  gang affiliations or how they were aware of those affiliations. Nor does plaintiff explain what

21  classification policy, "puts inmates like [him] in danger." Plaintiff fails to adequately allege or

22  explain (as required under the Fourteenth Amendment standard) that or how defendants made an

23  intentional decision with respect to the conditions under which the plaintiff was confined, that

1    those conditions put the plaintiff at substantial risk of suffering serious harm, and that they failed

2    to take reasonable available measures to abate the risk, even though a reasonable officer in the

3    circumstances would have appreciated the high degree of risk involved.

4         As noted above, a plaintiff cannot bring a § 1983 action against a supervisor based solely

5    on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v.*

6    *Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's naming of King County and various program

7    specialists and their supervisors simply because, by virtue of their positions, they are involved in

8    some indeterminate way in implementing the classification system, is insufficient to demonstrate

9    any of the defendants personally participated in or directed the alleged violation of plaintiff's

10   constitutional rights, or knew of the alleged violation and failed to act to prevent it. *See Barren*,

11   152 F.3d at 1194.

12        Nor does the conclusory allegation that the classification system "puts inmates like [him]

13   in danger" establish that these defendants have acted with deliberate indifference under either the

14   Eighth Amendment or Fourteenth Amendment standard. Dkt. 1-1, at 6, 8. Plaintiff fails to

15   identify what classification policy creates a substantial risk of serious harm to inmates like him.

16   He does allege that defendants were aware that a former inmate was previously assaulted when

17   inmates from another unit gained access to his "tank" and attacked him. Dkt. 1-1, at 8. However,

18   the mere fact that both plaintiff and a prior inmate were assaulted, without more, does not itself

19   establish that the assaults were the result of a policy, or the deliberate indifference of any

20   individual defendant. Plaintiff does specifically allege that defendant Correctional Program

21   Specialist Thanh Chi Khuu was aware of the danger to him but allowed him to return to an

22   unsafe area. *Id.* However, plaintiff fails to explain what danger exactly Mr. Khuu was supposedly

23   aware of, how he was aware of it, or exactly what "unsafe area" or condition he is referring to.

1    The Court advised plaintiff in its order declining service issued April 16, 2018, that if

2    plaintiff sought to pursue a § 1983 action against these defendants he had to provide a short,

3    plain statement explaining exactly what these defendants did or failed to do and how their

4    actions violated his constitutional or federal statutory rights (i.e. acted with deliberate

5    indifference) and caused him harm. Plaintiff was further advised that because vicarious liability

6    is inapplicable to a § 1983 suit, he must plead that each government-official defendant, through

7    the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S.

8    662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  Plaintiff has failed to do so and thus fails to

9    state claims upon which relief may be granted as to the defendants discussed above.

10    **2.    *Gordon G. Karlsson (Facility Commander), William G. Hayes (Assistant***
          ***County Executive Ops 1), Steven J. Larsen, Sgt. P. Boehme (Division Director***
11          ***II, Admin Svcs), Captain Douglas W. Justus, Jr., Hikari Tamura (Deputy***
          ***Director/Chief Administrative Officer), Sgt. Jens Jellen, Act. Sgt. B. Teeter***

12    Plaintiff also contends the above defendants "were all aware of the substantial risk of

13    serious harm and fail[ed] to take reasonable measures to abate it … defendants were responsible

14    for such customs, policies, practices, and procedures giving rise to such deliberate indifference."

15    Dkt. 1-1, at 7. As discussed above, such a conclusory allegation is insufficient to state a claim.

16    Plaintiff again fails to adequately allege or explain (as required under the Fourteenth Amendment

17    standard for pre-trial detainees) that or how defendants made an intentional decision with respect

18    to the conditions under which the plaintiff was confined, that those conditions put the plaintiff at

19    substantial risk of suffering serious harm, and that they failed to take reasonable available

20    measures to abate the risk, even though a reasonable officer in the circumstances would have

21    appreciated the high degree of risk involved.

22    Plaintiff's claims as stated in the Complaint, Dkt. 7, appear to rely on the theory that

23    these defendants are responsible for the alleged constitutional violations solely because of their

REPORT AND RECOMMENDATION - 8

1    supervisory position. However, again, plaintiff cannot bring a § 1983 action against a supervisor

2    based solely on a theory that the supervisor is liable for the acts of his or her subordinates. *See*

3    *Polk County*, 454 U.S. at 325 (1981). Accordingly, the complaint before the Court fails to state a

4    claim against these defendants and should therefore be dismissed.

### 3. *Officer Albert T. Newman, Acting Sgt. B. Teeter, Major Todd Steven Clark, Captain Troy Adam Bacon*

Plaintiff alleges defendant Newman "improperly permitted attackers into my unit, and then closed the unit door encouraging the assault" and that defendant Newman's conduct placed him in peril "in deliberate indifference to my safety." Dkt. 1-1, at 7. However, the complaint does not clearly articulate facts that defendant Newman was subjectively aware that allowing the inmates into the unit created a substantial risk of serious harm to plaintiff and, if so, the factual basis for this belief. It is likewise unclear whether the complaint alleges defendant Newman was aware the inmates were intending to assault him and closed the door in order to encourage them to do so, whether he is stating that defendant Newman reasonably should have known the result of defendant Newman closing the door would be that the inmates would be encouraged to assault him, or whether, although not intended or reasonably foreseeable, the result of closing the door was that the inmates were encouraged to assault him.

Plaintiff fails to provide the factual basis supporting any of these claims. As with the other defendants, plaintiff fails to adequately allege or explain (as required under the Fourteenth Amendment standard) that or how defendants made an intentional decision with respect to the conditions under which the plaintiff was confined, that those conditions put the plaintiff at substantial risk of suffering serious harm, and that they failed to take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved.

REPORT AND RECOMMENDATION - 9

1    Plaintiff further contends defendants Newman and Teeter put in their reports that the

2    inmates who perpetrated the assault "were being pulled out of 10 East Lower B, for the Health

3    Clinic, but no incident report was provided from the health clinic officer allegedly suppose[d] to

4    pick inmates up." He further alleges defendants Newman, Teeter, Clark and Bacon "devised a

5    cover up supporting allegations of inmates being brought out for Health Clinic, yet inmates are

6    transported by officers to clinic and those facts aren't supported." But these are conclusory

7    statements that fail to articulate facts sufficient to state a colorable claim for relief. In sum, the

8    allegations in the complaint with respect to the above defendants are deficient because they lack

9    detail and factual support to state claims for relief.

10   **B.    Constitutional Right Violated and Non-State Actors**

11   As noted above, the first step in a § 1983 claim is to identify the specific constitutional

12   right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Again, to state a claim for

13   relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement

14   must have been proximately caused by a person acting under color of state law and (2)

15   defendants' conduct must have deprived the plaintiff of rights, privileges or immunities secured

16   by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). A

17   third element of causation is implicit in the second element. *See Mt. Healthy City School Dist.*

18   *Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91

19   (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980). Section 1983 is the appropriate avenue to

20   remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769

21   F.2d 1350, 1354 (9th Cir. 1985).

22   **1.    Inmates #1, 2, 3, 4**

23   Plaintiff's complaint alleges inmates #1, 2, 3, and 4 assaulted him. A defendant may only

REPORT AND RECOMMENDATION - 10

be held liable under section 1983 if he acted under color of state law and his conduct violated a Constitutional or other federal statutory right. *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000); *Paratt*, 451 U.S. at 535. Here, plaintiff claims private, non-state actors, namely other prisoners, assaulted him and that this "violated *state law* claims of assault and battery, intentional infliction of emotional distress, and pain and suffering." Dkt. 1-1, at 7 (emphasis added). These allegations fail to meet either element required in order to stating a claim against these defendants under section 1983. Accordingly, plaintiff's complaint as currently written fails to state a cognizable claim under section 1983 against defendant inmates #1, 2, 3, and 4. The Court notes while a § 1983 action, may also contain pendent state claims, that normally presupposes there are also viable federal claims. Here, the complaint is deficient in that it fails to set forth facts establishing federal claims upon which relief may be granted. Accordingly, the Court should not go forward solely upon the basis of state law claims.

### 2. *Officer Dale LoCoursiere, Sgt. Peter F. Boehme, Captain Michael Troy Taylor, Major Todd Steven Clark*

The complaint also contends Officer Dale LoCoursiere and Sgt. Peter F. Boehme both witnessed the assault and wrongfully infracted him even though he was the victim of the assault. Dkt. 1-1, at 3, 6. Plaintiff contends this violated his rights to Due Process and Equal Protection, constituted deliberate indifference and constituted violations of state laws against negligence and intentional infliction of emotional distress. *Id.* Plaintiff also contends Captain Michael Troy Taylor and Major Todd Steven Clark also violated his rights by reviewing and signing off on the infraction report without "correcting" it. *Id.*

The complaint fails to allege a violation of a Constitutional or federal statutory right. A prisoner is entitled to certain due process protections when charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974). These protections include the right to call

witnesses, present documentary evidence, and to have a written statement by the fact finder as to the evidence relied upon along with the reasons for the disciplinary action taken. *Id*. Here, plaintiff fails to show these due process protections were violated. Rather, the gist of the claim is the defendants wrongfully infracted him. However, a wrongfully issued disciplinary report does not support a due process claim. *See e.g. Brown v. CMC*, No. 08-4587, 2010 WL 2674499, *6–7 (C.D. Cal. May 18, 2010) ("allegations of a fabricated RVR, alone, do not support a cognizable due process claim"); *Beck v. Brown*, No. 15-1078, 2017 WL 4410168 at * 4 (E.D. Cal. Oct. 4, 2017) ("plaintiff is unable as a matter of law to state a cognizable due process claim against Officer Robles or any other correctional official for the alleged falsification of disciplinary charges."); *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999). Thus, even assuming the infraction was wrongfully issued, plaintiff's claim fails to state a cognizable Constitutional or federal statutory claim.

### 3.    *Sandra Courtway, Investigator*

The complaint alleges defendant Sandra Courtway was "negligent" in investigating his assault because she informed his family the assault "would have happened anyways", she was "clearly bias [sic] and didn't help resolve my complaint." Dkt. 1-1, at 11. Plaintiff asserts negligence by Ms. Courtway in her investigation but fails to identify a constitutional or federal statutory right she allegedly violated or any facts to support such a claim. *See e.g. Daniels v. Williams*, 474 U.S. 327, 329 (1986) (Due process clause not implicated in § 1983 action by negligent act of an official); *Saldana v. Unknown*, 2009 WL 80362 at *2 (E.D. Cal., Jan. 13, 2009) (negligence regarding jail shower conditions fails to state a cognizable claim under § 1983).

REPORT AND RECOMMENDATION - 12

1    Accordingly, the complaint fails to state a cognizable Constitutional or federal statutory

2    claim against Ms. Courtway.

3    C.    **Inadequate Medical Care**

4    The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical

5    needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). When a claim

6    of inadequate medical care is brought by a pretrial detainee, the claim arises under the Due

7    Process Clause of the Fourteenth Amendment.  *Clouthier v. County of Contra Costa*, 591 F.3d

8    1232, 1243-44 (9th Cir. 2010); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir.

9    2010). The claim is nonetheless properly analyzed under Eighth Amendment standards. *See id.*

10    Mere negligence in diagnosing or treating a medical condition, without more, does not

11    meet the Eighth Amendment deliberate indifference standard. *Hutchinson v. United States*, 838

12    F.2d 390, 394 (9th Cir.1988). As pled, plaintiff's complaint fails to support a claim that amounts

13    to more than mere negligence. To establish "deliberate indifference," a prisoner must show that a

14    specific defendant or defendants purposefully ignored or failed to respond to the prisoner's pain

15    or possible medical need. *Id.* at 104. A determination of "deliberate indifference" involves an

16    examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the

17    nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

18    Cir. 1992).

19    A prison official, accordingly, will not be found deliberately indifferent to a prisoner's

20    serious medical needs "unless the official knows of and disregards an excessive risk to inmate

21    health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be

22    aware of facts from which the inference could be drawn that a substantial risk of serious harm

23    exists, and he must also draw the inference." *Id.* Further, a prisoner can make no claim for

REPORT AND RECOMMENDATION - 13

1    deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060;

2    *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).

3          More recently, the Court of Appeals for the Ninth Circuit has held an "objective

4    standard" applies to all § 1983 claims brought under the Fourteenth Amendment in regards to

5    claims of deliberate indifference to medical needs. *Gordon v. County of Orange*, 888 F.3d 1118,

6    1124 (9th Cir. 2018). In *Gorden,* the Court of Appeals held:

7              the elements of a pretrial detainee's medical care claim against an
               individual defendant under the due process clause of the
8              Fourteenth Amendment are: (i) the defendant made an intentional
               decision with respect to the conditions under which the plaintiff
9              was confined; (ii) those conditions put the plaintiff at substantial
               risk of suffering serious harm; (iii) the defendant did not take
10             reasonable available measures to abate that risk, even though a
               reasonable official in the circumstances would have appreciated
11             the high degree of risk involved—making the consequences of the
               defendant's conduct obvious; and (iv) by not taking such measures,
12             the defendant caused the plaintiff's injuries. "With respect to the
               third element, the defendant's conduct must be objectively
13             unreasonable, a test that will necessarily 'turn[ ] on the facts and
               circumstances of each particular case.' " Id. at 1071 (*quoting*
14             *Kingsley*, 135 S.Ct. at 2473; *Graham v. Connor*, 490 U.S. 386,
               396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The "'mere lack of
15             due care by a state official' does not deprive an individual of life,
               liberty, or property under the Fourteenth Amendment." *Id.*
16             (*quoting Daniels*, 474 U.S. at 330–31, 106 S.Ct. 662). Thus, the
               plaintiff must "prove more than negligence but less than subjective
17             intent—something akin to reckless disregard." *Id.*

18      ***4.    Roger Higgs, M.D., Christopher Salatka, RN, Division Director Bette Pine,
               Benjamin L. Sanders, M.D.***

19          The allegations in the complaint with respect to the above defendants are deficient

20   because they lack detail and factual support. Plaintiff first alleges these defendants "knew of the

21   substantial risk or [sic] serious harm, never notified DAJD of the risk having me on the top

22   tier[.]" This is a conclusory statement that fails to establish these defendants were aware of the

23   substantial risk of harm related to his conditions of confinement/failure to protect claims or

REPORT AND RECOMMENDATION - 14

whether he is alleging they were aware of a substantial risk of harm due to a serious medical need. Furthermore, plaintiff fails to explain how these defendants were aware of that substantial risk and either purposefully ignored or failed to respond or otherwise met the elements necessary to state either a failure to protect claim or a claim of deliberate indifference to a serious medical need.

Plaintiff further alleges these defendants "failed to carry out treatment properly, never afforded me physical therapy until nearly a year later, intentionally interfered with my treatment and recovery ... [a]t times delayed treatment, poor pain management leaving me to suffer in pain … waited almost a year to provide me with a back brace … have ignored numerous pleas for help regarding pain and for months nothing was done." Dkt. 1-1, at 9. However,

Plaintiff's general and conclusory complaints against these various defendants are insufficient for the Court to determine whether he states a claim of deliberate indifference to a serious medical need. Plaintiff fails to adequately explain and detail in what way these individual defendants' treatment was deficient much less that they were aware of a serious medical need, when and how they became aware of it, and how they were deliberately indifferent (i.e. purposefully ignored or failed to respond) with respect thereto. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). Because the complaint fails to set forth sufficient facts to state a claim upon which relief may be granted, these defendants and these claims should be dismissed.

### 5.    *Debra Beckman, ARNP, Laura Slee, Laura MacGregor*

The complaint alleges the above defendants ignored plaintiff's numerous pleas for help regarding pain for months and did nothing for plaintiff. Dkt. 1-1, at 9. Plaintiff contends he was

1   diagnosed with a broken bone in his lower back by Harborview Medical Center. *Id.* However, he

2   fails to explain when his broken bone was diagnosed or when and how he complained of pain to

3   these defendants. He also contends defendant Laura Slee "waited almost a year to order another

4   x-ray on my back, and now almost a year after the assault, x-rays show I have arthritis in the area

5   of my original injury." Dkt. 1-1, at 9. However, plaintiff does not explain why he believes

6   another x-ray was required or how the failure to order another x-ray constituted deliberate

7   indifference to a serious medical need rather than a simple disagreement with his provider

8   regarding the course of treatment. Because the complaint lacks facts setting forth *exactly* what

9   the defendants did or failed to do and how the actions violated plaintiff's constitutional rights

10  and caused him harm, it fails to state a claim upon which relief may be granted.

11          ***6.      Sean Dumas, PHSS JHS***

12          The complaint alleges defendant Sean Dumas, "continues to show deliberate indifference

13  to my medical needs." Dkt. 1-1, at 10. Specifically, the complaint indicates "a lower tier pass

14  was supposed to be ordered and medical has done nothing, causing me to suffer in pain having to

15  endure walking up and down stairs with my injuries." *Id.* However, plaintiff fails to explain the

16  basis for his belief that a lower tier pass was supposed to be ordered or how Mr. Dumas was

17  aware of and/or responsible for this. Accordingly, the complaint states insufficient facts to state a

18  claim of deliberate indifference to a serious medical need.

19                          **THE AMENDED COMPLAINT**

20          The Amended complaint asserts claims that are similar to the claims asserted in the

21  original complaint. Dkt. 12. The complaint names as defendants: King County; Commander

22  Gordon Karlson; Commander Corinna Hyatt; Major Todd Clark; Office Ramil Pagulayan;

23  Captain Douglas W. Justus; Officer Ed Carter; Deputy Director Hikari Tamura; Div. Director

1   Steven J. Larson; Assist County Executive Ops William G. Hayes; Major Edwin Bautista; Sgt.

2   Todd Wheeler; Juvenile Div. Director Pam Jones; Officer Suadia Abdullah; Detention

3   Supervisor DYS Lisa Hymes-Davis; Captain Lisaye Ishikawa Manning; Officer David Topaz;

4   Officer Peter Hu; Vincent E. Johnson, Corr Program Specialist' Thanh Chi Khuu, Corr Program

5   Specialist; Office Albert T. Newman; Act. Sgt. B. Teeter; Andreas Williams Records Manager;

6   Debra Beckman, ARNP; Laura Slee JHS; Laura McGregor JHS; and Captain Troy Bacon. *Id.* at

7   2, 3, 5.

8           The amended complaint initially makes the sweeping claims that King County is liable

9   for failing to provide adequate funding to prevent assaults against inmates. *Id.* at 3. This is a bald

10  statement and as such fails to set forth facts sufficient to state a claim for relief under the

11  standard articulated by *Iqbal*. The claim should accordingly be dismissed.

12          *1.      Monell and Supervisory Claims*

13          The amended complaint alleges King County and defendants with supervisory roles

14  failed to adequately train its jail officers and that this "omission caused Defendant officer Albert

15  T. Newman to commit a constitutional violation." *Id.* 3, 6. In support of this claim, plaintiff

16  alleges two assaults occurred in the past where an officer left "two tank doors open," and that

17  this establishes either a pattern of similar constitutional violations or an "obvious" constitutional

18  violation requiring no proof of a pattern of past violations. *Id.* at 6-7. Plaintiff further alleges he

19  requested a copy of the jail's "policy on operating tank doors while inmates are out in the

20  dayroom," and was told there is no written policy. *Id.* at 7. Plaintiff contends "the lack of a

21  policy obviously led to constitutional violations." *Id.*

22          The amended complaint sets forth no facts regarding lack of training. The claim should

23  accordingly be dismissed under *Iqbal*. The amended complaint also fails to set forth facts

REPORT AND RECOMMENDATION - 17

1    connecting how the lack of a written policy violated plaintiff's rights and caused him harm. The

2    amended complaint states in a conclusory fashion that he was assaulted on "2/20/17 and 4/22/17"

3    due to a lack of a policy. *Id.* at 9. But this sets forth even fewer facts than the deficient original

4    complaint discussed above. By itself, the amended complaint is deficient and fails to state a

5    claim upon which relief may be granted regarding the county's liability under *Monell* in regards

6    to a lack of a policy causing harm.

7            Moreover, the amended complaint contains factual assertions that undermine plaintiff's

8    allegation that the lack of a written policy proximately caused plaintiff's injuries. The amended

9    complaint alleges plaintiff was told by Officer Bush, and Major Clark that "all dayroom doors

10   are to remain closed at all times. If a dayroom door is to be opened, there should only be one

11   opened at any given time." *Id.* at 7, 8. Hence, plaintiff was directly informed that the jail has a

12   practice or procedure regarding the operation of doors in the dayroom. There is no evidence that

13   this policy of opening one door at a time is deficient, and plaintiff does not claim otherwise.

14   There is also no evidence that the jail does not follow the practice or policy of opening one

15   dayroom door at a time. Hence, plaintiff's claim that the lack of a written County policy

16   regarding the opening of dayroom doors proximately caused the assaults he allegedly suffered is

17   unfounded.

18           Because the jail has a policy of opening only one dayroom door at a time, plaintiff's

19   claims fail against the following supervisory defendants:  King County; Commander Gordon

20   Karlson; Commander Corinna Hyatt; Major Todd Clark; Office Ramil Pagulayan; Captain

21   Douglas W. Justus; Officer Ed Carter; Deputy Director Hikari Tamura; Div. Director Steven J.

22   Larson; Assist County Executive Ops William G. Hayes; Major Edwin Bautista; Sgt. Todd

23   Wheeler; Juvenile Div. Director Pam Jones; Officer Suadia Abdullah; Detention Supervisor DYS

1  Lisa Hymes-Davis; Captain Lisaye Ishikawa Manning; Officer David Topaz; and Officer Peter

2  Hu. *Id*. at 8.

3        Plaintiff alleges these supervisory defendants are "policy review members," and failed to

4  create a "standard operating procedure, custom or policy" to prevent the assaults plaintiff alleges

5  occurred. *Id.*  However, as discussed above, the jail clearly has a policy or custom—only one

6  dayroom door should be open at one time—that plaintiff does not contend is inadequate. The

7  claims against these defendants should accordingly be dismissed with prejudice.

8        *2.*    ***Offices Newman***

9        The amended complaint also contains allegations against individual defendants. It alleges

10  on April 22, 2017, Officer Newman let inmates out of the tank for clinic visits. Plaintiff alleges

11  Officer Newman admitted he "knew he should not have opened Lower B's door because those

12  two guys are knuckleheads," and that he knew the two from working at the juvenile youth center.

13  *Id. at 12*. Plaintiff acknowledges there is no evidence of malicious intent but that "Mr. Newman

14  had knowledge of harm given his mention of know both inmates and referred to both as

15  knuckleheads." *Id.* Plaintiff alleges Officer Newman "allowed two inmates to escape," and then

16  in coordination with Captain Bacon and Major Clark concocted a lie that the two inmates were

17  let out for the "health clinic." *Id.* at 12-13. Plaintiff also alleges Officer Newman opened the door

18  because of "inmate manipulation," based upon an incident report prepared by Major Clark. *Id.*

19  This appears to indicate that Officer Newman may have been tricked into opening the door.

20        Plaintiff alleges Officer Newman is liable because he was "subjectively aware" that

21  allowing the two inmates into the unit created a substantial risk of harm; that he was "trained to

22  only open one dayroom tank door at a time and admitted to me that he forgot our dayroom open

23  and opened Lower B." *Id.* at 13. Assuming, without deciding, the verity of these allegations,

1    these facts indicate Officer Newman was negligent. As noted above, plaintiff acknowledges

2    Office Newman did not act maliciously, i.e., intentionally allowed the inmates in to harm

3    plaintiff. Rather, plaintiff alleges the officer "forgot" the dayroom door was open, and that by

4    making this mistake, allowed the inmates in.

5         However, it is well-established that neither negligence nor gross negligence is actionable

6    under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n. 4,

7    (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence insufficient

8    to state claim for denial of medical needs to prisoner). The applicable standard is one of

9    deliberate indifference to inmate health or safety under the Eighth Amendment, *see Farmer*, 511

10   U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). Here, Officer Newman did not act with

11   indifference or with deliberate intent to harm plaintiff. Rather, the amended complaint asserts he

12   made a mistake and was thus negligent, which is not actionable in a civil rights complaint. The

13   Court notes plaintiff also alleges Officer Newman was slow to come to his aid. That is, the

14   officer came to plaintiff's aid but not as quickly as plaintiff desired. Dkt. 12 at 13. As this

15   allegation also alleges the officer was negligent, it is not a basis for § 1983 relief. *Id.*

16        In regards to Officer Newman, the complaint also alleges Sgt. Teeter, Captain Bacon and

17   Major Clark aided the officer or facilitated or conspired to deprive plaintiff of his rights. But

18   these bald assertions set forth no facts sufficient to state a claim for relief and should thus be

19   dismissed under *Iqbal*. *Cf. Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161

20   (9th Cir. 2003) (Conclusory allegations of conspiracy unsupported by facts are insufficient to

21   allege a conspiracy between a private party and a state actor).

22        **3.    *Corrections Specialist Johnson***

23        The amended complaint alleges plaintiff told defendant Johnson at a disciplinary hearing

REPORT AND RECOMMENDATION - 20

held on February 22, 2017 that plaintiff believed two inmates assaulted plaintiff due to his

pending criminal charges and that the "attack may have been gang affiliated." Dkt. 12 at 9.

Plaintiff indicates Johnson stated a "separate" would be put into place.  *Id.*  The amended

complaint alleges Johnson should have taken more precautions instead of returning plaintiff to

the general population. *Id.* at 10. These are conclusory statements devoid of a factual basis to

state a claim upon which relief may be granted. The claim against Johnson should accordingly be

dismissed.

### 4.    *Corrections Specialist Khuu*

The amended complaint alleges defendant Khuu conducted a segregation review on

March 13, 2017. Dkt. 12 at 10. Plaintiff alleges he overheard Khhu asking other inmates if they

wanted to go in protective custody (PC) restrictive housing group.  Plaintiff subsequently asked

Khuu if he could be placed in PC restrictive housing but was informed he was disqualified due to

his history of infractions and violence. *Id.* Plaintiff claims he was denied "equal protection" by

being denied PC restrictive housing. This is a bald assertion lacking facts to state a claim for

relief.

Plaintiff also claims that he was returned to a wing that housed the inmates that attacked

him in February 2017. As a result of this placement, he was attacked again by different inmates

on April 22, 2017. This also is a bald assertion. There are no facts establishing Khuu placed

plaintiff into a wing knowing that he was going to be attacked on April 22. There are no facts

establishing that the inmates who attacked plaintiff in April were even present when plaintiff was

placed in the wing in March. The allegation fails to set forth facts sufficient to support a claim

for relief and should be dismissed.

### 5.    *Records Manager Andrea Williams*

REPORT AND RECOMMENDATION - 21

1    Plaintiff alleges Williams has "kept records" from him. Dkt. 12 at 14. Plaintiff alleges he

2    made requests for records identifying the name of an officer who transported him to Court on

3    February 16, 2018, but that defendant Williams failed to provide plaintiff the requested

4    information. However there is no constitutional right to have access to particular government

5    information, or to require openness from the bureaucracy. *See Houchins v. KQED, Inc.*,438 U.S.

6    1, 15 (1978); *Entler v. McKenna,* 487 Fed.Appx. 417, 418 (9th Cir. 2012) ("The district court

7    properly dismissed Entler's § 1983 claim for alleged interference with his right to access public

8    documents because there is no constitutional right to public disclosure of government

9    documents.'); *Fabricus v. Tulare County,* 2017 WL 2633421 at *6 (E.D. CA, June 19, 2017)

10   (Even wrongful denial of California Public Records Act would not equate to a violation of

11   plaintiff's Constitutional rights). The claim should accordingly be dismissed.

12       ***6.    Medical Care Claims***

13       Plaintiff alleges he was examined at Harborview Medical center and diagnosed with an

14   abrasion of the nose and right ear; closed fracture of transverse process of lumbar vertebra;

15   contusion of left chest way and left side transverse process fracture, L1-L2-L-3. Dkt. 12 at 15.

16   He alleges that he complained to defendants Debra Beckman, ARNP, Laura Slee and Lara

17   MacGregor about pain. *Id.* Ms. Slee ordered an x-ray about a year after the assault. *Id.* Plaintiff

18   alleges the medication he received for pain was inadequate and that he believes "another x-ray

19   was required." *Id*. at 16. Plaintiff alleges he was eventually found to have arthritis and that if the

20   defendants detected this earlier, by more quickly ordering a second x-ray, they "may have

21   prevented the arthritis. *Id.*

22       These facts do not establish deliberate indifference to plaintiff's medical needs. The jail

23   was not indifferent to plaintiff's injuries. To the contrary, after the assault, plaintiff was

REPORT AND RECOMMENDATION - 22

1   examined at Harborview Medical Center. Plaintiff complains defendants did not treat his pain

2   adequately. But there is no evidence defendants ignored plaintiff's complaints. Rather as the

3   amended complaint indicates, defendants prescribed "Ibuprofin 800 mg tablet and

4   Acetaminophen 500 mg tablet." *Id.* Plaintiff obviously disagrees with the type of pain

5   medications he received from the jail. But his disagreement is not basis upon which a § 1983

6   may be brought. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a mere difference of

7   opinion concerning proper medical care is not sufficient to establish deliberate indifference).

8       Plaintiff implies if he received an x-ray earlier his arthritis might have been prevented.

9   Plaintiff presents no facts establishing that had an x-ray been performed earlier, his arthritis

10  would have been prevented. Plaintiff also presents no facts showing the defendants were not

11  monitoring his medical condition; in fact, plaintiff was ultimately x-rayed again. Hence there is

12  nothing showing defendants were simply ignoring plaintiff or were indifferent to his medical

13  needs. Even if the Court assumed defendants should have ordered a second x-ray more quickly,

14  the assumption would indicate defendants were negligent. However, negligence in diagnosing or

15  treating a medical condition, without more, does not violate a prisoner's Eighth Amendment

16  rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

17      According, the claims regarding medical care as to the named defendants above should

18  be dismissed.

19                                    **CONCLUSION**

20      In April 2018, the Court declined to serve the complaint and granted plaintiff leave to file

21  an amended complaint. The Court subsequently granted plaintiff an extension of time to file an

22  amended complaint. As discussed above, the allegations contained in both the original and

23  amended complaints, fail to set forth sufficient facts that state a claim upon which relief may be

REPORT AND RECOMMENDATION - 23

granted that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. at 678. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Id*. (citations omitted). Here, plaintiff's complaints leaves the Court with

general or conclusory statements; this is insufficient to state a claim for relief. As the Supreme

Court noted in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of further factual enhancement.'" *Id.* (citations omitted). Additionally, as

discussed above, some of plaintiff's claims are not actionable, as a matter of law, under § 1983.

Accordingly for the foregoing reasons, the Court recommends the case be DISMISSED

without prejudice. If plaintiff wishes to file objections to this Report and Recommendation, he

must do so no later than **July 5, 2018**. The Clerk should note the matter for **July 6, 2018**, as

ready for the District Judge's consideration.  Objections should not exceed five (10) pages.  The

failure to timely object may affect the right to appeal.

The Clerk shall also provide a copy of this Report and Recommendation to plaintiff and

to the assigned District Judge.

DATED this 21st day of June, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 24